IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BENNY LEE GILYARD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **1:07-CV-69 (WLS)** |
| DON JARRIEL, Warden, | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (doc. 8).

Petitioner executed this petition on March 16, 2007, challenging his May 18, 1990, Dougherty County guilty plea to two counts of voluntary manslaughter, for which he received concurrent 20 year sentences. Plaintiff did not file a direct appeal. On August 11, 2003, petitioner filed a "motion to modify and correct void sentence and brief in support" in the convicting court, asserting that he received a 20 year sentence for involuntary manslaughter and that the sentence is void because it exceeds the statutory maximum for this offense. That motion is still pending.

Petitioner filed his first federal petition in this Court in February 2004 (1:04-cv-16), complaining about his sentence. The undersigned recommended that the petitioner be dismissed for being both untimely and unexhausted. The District Judge to whom the case was assigned dismissed the petition without prejudice for lack of exhaustion only. Petitioner then filed a state petition for habeas corpus on August 24, 2005. A hearing was held in September of 2006, but a

final order has not been entered and it remains pending.

Petitioner filed his second federal habeas petition in this court in 2005 (1:05-cv-73). The petitioner was again dismissed without prejudice due to failure to exhaust.

On or about March 16, 2007, petitioner files the instant petition challenging only his sentence. Respondent moves to dismiss the petition as untimely and for lack of exhaustion

On the face of the petition, it is clear that petitioner has not exhausted available remedies, as he admits that the ones he has filed are "still pending."

As to the petition's untimeliness, 28 U.S.C § 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner's convictions became final in June 1990, when the time for which he could file a direct appeal expired. Since his convictions were final on the AEDPA's effective date, he had a one-year "grace period" or until April 23, 1997, in which to file timely federal petitions. Wilcox

v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).

Petitioner did not file a federal habeas petition within that time, or otherwise toll the limitations period by filing for state remedies within the one-year period. Assuming without deciding that petitioner's "motion to correct void sentence" would properly toll the limitations period, this was not filed until 2003, several years after the limitations period expired.

Petitioner makes the argument that, because under Georgia state law one can attack a sentence that is void on its face at any time, the limitations period does not apply to this situation. What petitioner essentially argues is that one could file a federal habeas petition at any time, as long as you were attacking a void sentence. The undersigned finds this argument to be creative yet unpersuasive.

In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary

remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.   Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

The undersigned finds that this petition is both unexhausted and untimely, and that petitioner has not shown the extraordinary circumstances that would justify equitable tolling.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 16th  day of January, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd